# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>CURTIS PETERSON, ERIC MAHER, RONALD WHITE, and EXPRESS INTERNATIONAL, LLC,<br><br>  Defendants,<br><br>and<br><br>CURTIS INTERNATIONAL EXPRESS, INC. and ANN SCOTT,<br><br>  Relief Defendants. | Case No. CV 11-01143 ODW (JEMx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT ERIC MAHER** |

The Securities and Exchange Commission having filed a Complaint and Defendant Eric Maher ("Defendant Maher") having entered a general appearance; consented to the Court's jurisdiction over Defendant Maher and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Maher and Defendant Maher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Maher and Defendant Maher's agents, servants, employees, attorneys,

and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Maher and Defendant Maher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the

|  | purpose of sale or for delivery after sale; or |
| (c) | Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h. |

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Maher and Defendant Maher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), by, directly or indirectly, in the absence of any applicable exemption, engaging in the business of a broker or a dealer by making use of the mails or any means or instrumentality of interstate commerce to induce the purchase or sale of any security (in the absence of an applicable exemption), without being associated with a broker-dealer that has been registered with the Commission.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Maher is liable for disgorgement of $34,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $220, for a total of $34,220. Defendant Maher shall satisfy this obligation by making payments pursuant to the terms of the payment schedule set forth in paragraph VI, below, by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Eric Maher as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Maher shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

Defendant Maher shall pay $34,220 in two installments according to the following schedule: (1) $17,110 within 14 days of entry of this Final Judgment; and (2) $17,110 within 180 days of entry of this Final Judgment. If Defendant Maher fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

## VII.

Based on Defendant Maher's sworn representations in his Statement of Financial Condition dated January 1, 2011, and other documents and information submitted to the Commission, the Court is not ordering Defendant Maher to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of the Defendant Maher's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant Maher's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material

4

respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant Maher, petition the Court for an order requiring Defendant Maher to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant Maher was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant Maher to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant Maher may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Maher shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

///

///

///

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 1, 2011

_____
HONORABLE OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Peter F. Del Greco
Counsel for Plaintiff
Securities and Exchange Commission