case closed

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 11-01143 ODW (JEMx) |
| Plaintiff, | [~~PROPOSED~~] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS CURTIS PETERSON AND EXPRESS INTERNATIONAL, LLC AND RELIEF DEFENDANTS CURTIS INTERNATIONAL EXPRESS, INC. AND ANN SCOTT |
| vs. | |
| CURTIS PETERSON, ERIC MAHER, RONALD WHITE, and EXPRESS INTERNATIONAL, LLC, | |
| Defendants, | |
| and | |
| CURTIS INTERNATIONAL EXPRESS, INC. and ANN SCOTT, | |
| Relief Defendants. | |

1  Plaintiff Securities and Exchange Commission's ("Commission") filed an
2  Application for Default Judgments ("Application") Against Defendants Curtis
3  Peterson ("Peterson") and Express International, LLC ("Express International")
4  (collectively, "Defendants") and Relief Defendants Curtis International Express,
5  Inc. ("Curtis International Express") and Ann Scott ("Scott") (collectively, "Relief
6  Defendants").  The Court, having considered the Commission's Application, the
7  Memorandum of Points and Authorities filed in support thereof, the declarations,
8  and all other documents filed in support of the Application, and all other evidence
9  and argument presented regarding the Application, finds that:

**I.**

11  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the
12  Commission's Application for Default Judgments Against Defendants Peterson
13  and Express International and Relief Defendants Curtis International Express and
14  Scott is hereby GRANTED.

**II.**

16  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants
17  Peterson and Express International, and their agents, servants, employees, attorneys,
18  and all persons in active concert or participation with them who receive actual notice
19  of this Final Judgment by personal service or otherwise are permanently restrained
20  and enjoined from violating, directly or indirectly, Section 10(b) of the Securities
21  Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5
22  promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or
23  instrumentality of interstate commerce, or of the mails, or of any facility of any
24  national securities exchange, in connection with the purchase or sale of any security:
25  (a)  to employ any device, scheme, or artifice to defraud;
26  (b)  to make any untrue statement of a material fact or to omit to state a
27  material fact necessary in order to make the statements made, in the
28  light of the circumstances under which they were made, not

misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Peterson and Express International, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Peterson and Express International, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in

2

interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Peterson and Express International shall be jointly and severally liable for disgorgement of $3,274,975, representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $21,186, for a total of $3,296,161.  Peterson and Express International shall receive a credit for any sums paid by each other or by Curtis International Express or Scott on their disgorgement and/or prejudgment interest obligations. Defendants shall satisfy this obligation by paying $3,296,161 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Peterson and Express International as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendants shall simultaneously transmit photocopies of such payment and letter to the

1   Commission's counsel in this action.  By making this payment, Defendants

2   relinquish all legal and equitable right, title, and interest in such funds, and no part

3   of the funds shall be returned to Defendants.  The Clerk shall deposit the funds into

4   an interest-bearing account with the Court Registry Investment System or any

5   other type of interest-bearing account that is utilized by the Court.  These funds,

6   together with any interest and income earned thereon (collectively, the "Fund"),

7   shall be held in the interest-bearing account until further order of the Court.  In

8   accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the

9   Administrative Office of the United States Courts, the Clerk is directed, without

10  further order of this Court, to deduct from the income earned on the money in the

11  Fund a fee equal to ten percent of the income generated on the Fund.  Such fee

12  shall not exceed that authorized by the Judicial Conference of the United States.

13  The Commission may propose a plan to distribute the Fund subject to the Court's

14  approval.  Peterson and Express International shall pay post-judgment interest on

15  any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission may

16  enforce the Final Judgment by moving for civil contempt (and/or through other

17  collection procedures authorized by law) at any time after 14 days following entry

18  of this Final Judgment.  In response to any such civil contempt motion, the

19  Defendants may assert any legally permissible defense.

20                                          **VI.**

21         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Peterson

22  shall pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the

23  Securities Act and Section 21(d)(3) of the Exchange Act.  Peterson shall make this

24  payment within 14 days after entry of this Final Judgment by certified check, bank

25  cashier's check, or United States postal money order payable to the Securities and

26  Exchange Commission.  The payment shall be delivered or mailed to the Office of

27  Financial Management, Securities and Exchange Commission, Operations Center,

28  6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be

1  accompanied by a letter identifying Peterson as a defendant in this action; setting

2  forth the title and civil action number of this action and the name of this Court; and

3  specifying that payment is made pursuant to this Final Judgment.  Peterson shall

4  pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §

5  1961.  The Commission shall remit the funds paid pursuant to this paragraph to the

6  United States Treasury.

7                                                    **VII.**

8            IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief

9  Defendant Curtis International Express shall be liable for disgorgement of $721,300,

10  representing proceeds gained as a result of the conduct alleged in the Complaint,

11  together with prejudgment interest thereon in the amount of $4,666, for a total of

12  $725,966.  Curtis International Express shall satisfy this obligation by paying

13  $725,966 within 14 days after entry of this Final Judgment to the Clerk of this Court,

14  together with a cover letter identifying Curtis International Express as a relief

15  defendant in this action; setting forth the title and civil action number of this action

16  and the name of this Court; and specifying that payment is made pursuant to this Final

17  Judgment.  Curtis International Express shall simultaneously transmit photocopies of

18  such payment and letter to the Commission's counsel in this action.  By making this

19  payment, Curtis International Express relinquishes all legal and equitable right, title,

20  and interest in such funds, and no part of the funds shall be returned to it.  The Clerk

21  shall deposit the funds into an interest-bearing account with the Court Registry

22  Investment System or any other type of interest-bearing account that is utilized by the

23  Court.  These funds, together with any interest and income earned thereon

24  (collectively, the "Fund"), shall be held in the interest-bearing account until further

25  order of the Court.  In accordance with 28 U.S.C.

26  § 1914 and the guidelines set by the Director of the Administrative Office of the

27  United States Courts, the Clerk is directed, without further order of this Court, to

28  deduct from the income earned on the money in the Fund a fee equal to ten percent of

1  the income generated on the Fund.  Such fee shall not exceed that authorized by the

2  Judicial Conference of the United States.  The Commission may propose a plan to

3  distribute the Fund subject to the Court's approval.  Curtis International Express shall

4  pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

5  The Commission may enforce the Final Judgment by moving for civil contempt

6  (and/or through other collection procedures authorized by law) at any time after 14

7  days following entry of this Final Judgment.  In response to any such civil contempt

8  motion, Curtis International Express may assert any legally permissible defense.

9  **VIII.**

10      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief

11  Defendant Ann Scott shall be liable for disgorgement of $45,000, representing

12  proceeds gained as a result of the conduct alleged in the Complaint, together with

13  prejudgment interest thereon in the amount of $291, for a total of $45,291.  Scott

14  shall satisfy this obligation by paying $45,291 within 14 days after entry of this

15  Final Judgment to the Clerk of this Court, together with a cover letter identifying

16  Scott as a relief defendant in this action; setting forth the title and civil action

17  number of this action and the name of this Court; and specifying that payment is

18  made pursuant to this Final Judgment.  Scott shall simultaneously transmit

19  photocopies of such payment and letter to the Commission's counsel in this action.

20  By making this payment, Scott relinquishes all legal and equitable right, title, and

21  interest in such funds, and no part of the funds shall be returned to her.  The Clerk

22  shall deposit the funds into an interest-bearing account with the Court Registry

23  Investment System or any other type of interest-bearing account that is utilized by

24  the Court.  These funds, together with any interest and income earned thereon

25  (collectively, the "Fund"), shall be held in the interest-bearing account until further

26  order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by

27  the Director of the Administrative Office of the United States Courts, the Clerk is

28  directed, without further order of this Court, to deduct from the income earned on

6

1  the money in the Fund a fee equal to ten percent of the income generated on the

2  Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the

3  United States.  The Commission may propose a plan to distribute the Fund subject

4  to the Court's approval.  Scott shall pay post-judgment interest on any delinquent

5  amounts pursuant to 28 U.S.C. § 1961.  The Commission may enforce the Final

6  Judgment by moving for civil contempt (and/or through other collection

7  procedures authorized by law) at any time after 14 days following entry of this

8  Final Judgment.  In response to any such civil contempt motion, Scott may assert

9  any legally permissible defense.

## IX.

11      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

12  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

13  of this Final Judgment.

## X.

15      There being no just reason for delay, pursuant to Rule 54(b) of the Federal

16  Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

17  forthwith and without further notice.

19  Dated: 1/25/12

                                              _____

20                                           HONORABLE OTIS D. WRIGHT II
                                         UNITED STATES DISTRICT JUDGE

22  Presented by:

24  /s/ Peter F. Del Greco
    Peter F. Del Greco
25  Attorney for Plaintiff
    Securities and Exchange Commission